# 11-3083-cr

# United States Court of Appeals

*for the*

## Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

JACOB SWEENEY,

*Defendant-Appellant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLANT

RICHARD H. ROSENBERG, ESQ.
*Attorney for Defendant-Appellant*
217 Broadway, Suite 707
New York, New York 10007
(212) 586-3838

*On the Brief:*
    MICHAEL K. BACHRACH, ESQ.

# **Table of Contents**

Table of Authorities ................................................................................. iii

Statement of Subject Matter and Appellate Jurisdiction ................................. 1

Statement of Issue Presented for Review ....................................................... 1

Statement of the Case ................................................................................. 2

    A.    Preliminary Statement and Argument Summary ...................... 2

    B.    Statement of Facts ................................................................. 3

        1.    Appellant's Plea Hearing ................................................. 3

        2.    Appellant's Pre-Sentence Report.................................... 4

        3.    Appellant's Fatico Hearing............................................. 6

        4.    Appellant's Sentencing Hearing ..................................... 7

Argument ................................................................................................... 9

Point I

THE DISTRICT COURT ABUSED ITS DISCRETION
WHEN IT APPLIED A SENTENCING ENHANCEMENT
FOR OBSTRUCTION OF JUSTICE UNDER U.S.S.G. § 3C1.1 ................. 9

    A.    Introduction ................................................................. 9

    B.    Appellant's Misstatement did not
        Relate to a Material Matter ......................................... 9

    C.    Irrespective of Materiality the Government
        Waived its Right to Seek an Enhancement
        for Obstruction of Justice ......................................... 12

D.    The District Court Commit a Procedural Error
When it Enhanced Appellant's Sentence for
Obstruction of Justice ................................................................ 14

Point II

THE DISTRICT COURT ALSO ABUSED
ITS DISCRETION WHEN IT REFUSED TO APPLY
A SENTENCING ADJUSTMENT UNDER U.S.S.G. § 3E1.1
FOR ACCEPTANCE OF RESPONSIBILITY

FOR ACCEPTANCE OF RESPONSIBILITY ........................................... 16

Conclusion ................................................................................................. 19

## **Appendix**

(contained in separate volume)

Docket Sheet ............................................................................................. A. 1

Indictment ................................................................................................. A. 13

Order, dated, June 30, 2011 .................................................................... A. 16

Judgment in a Criminal Case, dated, July 26, 2011 ................................ A. 22

Notice of Appeal, dated, July 27, 2011 ................................................... A. 28

Transcript of Plea Hearing, dated, May 7, 2010 ..................................... A. 29

Transcript of Fatico hearing, dated, April 15, 2011 ............................... A. 56

Transcript of Sentencing Hearing (Part 1), dated, July 1, 2011 ............ A. 90

Transcript of Sentencing Hearing (Part 2), dated, July 8, 2011 ............ A. 99

# Table of Authorities

CASES

Gall v. United States,
128 S.Ct. 586 (2007) ............................................................ 14, 15, 16

Nye & Nissen v. United States,
336 U.S. 613 (1949) .......................................................... 11

Pinkerton v. United States,
328 U.S. 640 (1946) .......................................................... 10

United States v. Booker,
543 U.S. 220 (2005) .......................................................... 14

United States v. Campbell,
426 F.2d 547 (2d Cir. 1970) ............................................... 11

United States v. Capanelli,
479 F.3d 163 (2d Cir. 2007) ............................................... 10

United States v. Cavera,
550 F.3d 180 (2d Cir. 2008) ............................................... 15

United States v. Cooper,
912 F.2d 344 (9th Cir. 1990) .............................................. 17

United States v. Cutler,
520 F.3d 136 (2d Cir. 2008) ........................................... 14, 16

United States v. Defeo,
36 F.3d 272 (2d Cir. 1994) ................................................. 16

United States v. Reyes, ,
9 F.3d 275 (2d Cir.1993) .................................................... 16

United States v. Salim,
549 F.3d 67 (2d Cir. 2008) ................................................... 9

United States v. Zagari,
111 F.3d 307 (2d Cir. 1997) ................................................................ 9

STATUTES AND OTHER AUTHORITIES

18 U.S.C. § 2 ....................................................................... 11

18 U.S.C. § 371 ............................................................... 2, 10

18 U.S.C. § 2113 ............................................................. 2, 10

18 U.S.C. § 3006A ............................................................... 6

18 U.S.C. § 3231 ............................................................... 1

18 U.S.C. § 3553 ............................................................. 8, 15

28 U.S.C. § 1291 ............................................................... 1

Fed.R.Crim.P. 51 ............................................................. 13

U.S.S.G. § 3C1.1 ....................................................... 5, 9, 14 15

U.S.S.G. § 3C1.1, Application Note 6 .............................. 10

U.S.S.G. § 3E1.1 ....................................................... 5, 16, 18

## **Statement of Subject Matter and Appellate Jurisdiction**

This appeal is from a final judgment of the United States District Court for the Eastern District of New York, which had jurisdiction pursuant to 18 U.S.C. § 3231. The judgment was entered on July 26, 2011, and a Notice of Appeal was timely filed on July 27, 2011. This Court has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291.

## **Statement of Issues Presented For Review**

This appeal focuses narrowly on two related questions:

1.     Whether the District Court committed a procedural error requiring remand for re-sentencing when it applied a 2-level obstruction of justice enhancement in the defendant's advisory-Guideline calculation as a result of a false statement made during the defendant's plea allocution in light of the fact that the Government was aware the statement was false and nonetheless accepted the defendant's plea without objection?

2.     Whether the District Court committed a procedural error requiring remand for re-sentencing when it denied the defendant a 3-level acceptance of responsibility adjustment to the defendant's advisory-Guideline calculation in light of the fact that prior to sentencing the defendant admitted to having made a false statement at his plea hearing and

also admitted to having committed more culpable acts than described in his guilty plea?

## Statement of the Case

### A.    Preliminary Statement and Argument Summary

On March 19, 2009, Defendant-Appellant Jacob Sweeney (hereinafter, "Mr. Sweeney" or "Appellant") was arrested for his participation in a bank robbery that occurred approximately three months earlier.  Thereafter, on April 3, 2009, an Indictment was issued against Mr. Sweeney charging him with one count of bank robbery conspiracy in violation of 18 U.S.C. § 371 (Count 1) and one substantive count of bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2 (Count 2).

In sum and substance, the Government alleged that on or about December 6, 2008, Mr. Sweeney conspired to and participated in the robbery of a branch of Washington Mutual Bank located in Brooklyn, New York.  The Government further alleged that Mr. Sweeney and his co-conspirators stole $11,100.00 during the bank robbery.

This appeal concerns the District Court's decision to enhance Appellant's advisory-Guideline range and deny an acceptance of responsibility reduction based upon a false statement Appellant made during his plea hearing, which he later corrected prior to sentencing.  The question

with respect to both Guideline modifications is whether the District Court's determination was procedurally flawed.

### B.    Statement of Facts

#### 1.    Appellant's Plea Hearing

On May 7, 2010, Mr. Sweeney pled guilty without a plea agreement to both counts of his Indictment, charging him with bank robbery and bank robbery conspiracy as detailed above.  Appellant allocuted that he "planned with other individuals to rob the bank on Smith Street, and I drove them away from the bank" (Transcript of Plea Hearing, dated, May 7, 2010, hereinafter preceded by "P.Tr.", at 23).  Appellant also allocuted that he "[n]ever" entered the bank; instead the plan was for him to "park around the corner and when they get in the van drive off" (P.Tr. 24).

The Government disagreed somewhat regarding Appellant's role in the robbery, noting that "at trial the government would be prepared to prove that Mr. Sweeney did, in fact, enter the Washington Mutual Bank" (P.Tr. 25).  Nonetheless, the Government declined the court's invitation to question Appellant further (P.Tr. 25).  The Government also made no objection to the court accepting Appellant's plea, nor made any indication that it believed Appellant's allocution was legally insufficient.

Appellant's plea was presided over by the Hon. Steven M. Gold, Chief Magistrate Judge of the Eastern District of New York, and was thereafter accepted by the Hon. Sterling Johnson, Jr., United States District Court Judge of the Eastern District of New York, at the completion of Appellant's sentencing hearing.

### 2. Appellant's Pre-Sentence Report

In light of the discrepancy between Appellant's plea allocution and the role that the Government was "prepared to prove" at trial, the first addendum to Appellant's Pre-Sentence Report ("PSR") recommended that Mr. Sweeney's Sentencing Guideline range be enhanced for obstruction of justice (PSR, 1st Addendum, dated, November 10, 2010, at 1-2 & ¶ 23). The Probation Department also recommended that Appellant be denied an adjustment in his Sentencing Guideline range for acceptance of responsibility, concluding that by minimizing his role in the offense his allocution was not sufficient to warrant a sentencing reduction (PSR, 1st Addendum, at 1-2 & ¶ 31).

Then-defense counsel Dierdra van Dornum initially objected to the Probation Department's contrary findings (see Letter, dated, October 13, 2010), but Mr. Sweeney thereafter informed her that "he no longer wishe[d]

to contest the Government's version of the facts of the bank robbery" (Letter, dated, January 11, 2011, EDNY Ecf # 45).

In light of the fact, however, that Appellant thereafter corrected his prior misstatements and allocuted to his full, complete, and accurate role in the offense, the Probation Department revised its sentencing recommendation to reflect Appellant's admissions. See PSR, 2nd Addendum, dated, March 28, 2011, at 1 & ¶¶ 23, 31, 32). As such, in the Second Addendum to Appellant's PSR, the Probation Department concluded, "it is now the position of the Probation Department that the defendant does not warrant a two-point enhancement for obstruction of justice per Guideline 3C1.1. Additionally, as the defendant has now truthfully admitted to his involvement in the instant offense, it is the position of the Probation Department that the defendant warrants a three-level reduction for acceptance of responsibility per Guideline 3E1.1" (PSR, 2nd Addendum, at 1).

According to the Probation Department's final calculations, Appellant's total offense level was 23, which, along with a Criminal History Category of I, resulted in a recommended Guideline range of 46 to 57 months imprisonment. See PSR, 2nd Addendum, at ¶ 76.

### 3. **Appellant's Fatico Hearing**

On April 15, 2011, a <u>Fatico</u> hearing was held by the Hon. Sterling Johnson, Jr., to ascertain the reason why Appellant initially claimed to have waited outside the bank but thereafter was no longer contesting the fuller role that the Government believed it could establish at trial.

At the hearing Appellant voluntarily testified that he had knowingly minimized his role in the offense, claiming that he had done so at the suggestion of his prior defense counsel (see Transcript of <u>Fatico</u> Hearing, dated, April 15, 2011, hereinafter preceded by "F.Tr.", at 17-18, 20-22, 25).[1] Appellant never claimed that Ms. von Dornum had instructed him to lie, rather when they discussed what he needed to say to satisfy his plea, he claimed that she stated he should explain that he participated in the conspiracy and the robbery but that he never entered the bank (see F.Tr. 17-18, 20-22).

Regardless of the reason for Appellant's initial minimization, during the <u>Fatico</u> hearing Appellant voluntarily allocuted to his full and complete role in the offense (F.Tr. 28-29). Mr. Sweeney acknowledged his

---

[1]  Appellant was represented at his plea hearing by Deirdre von Dornum of the Office of the Federal Defender. Appellant's allegation that Ms. von Dornum had instructed him to testify that he never entered the bank came to light prior to the <u>Fatico</u> hearing and as such she was permitted to withdraw as counsel and be replaced by Richard H. Rosenberg, who was appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, and who remains Mr. Sweeney's attorney on appeal.

participation in every aspect of the offense that the Government had alleged, including, specifically, entering Washington Mutual Bank during the course of the bank robbery, demanding money from a bank teller, carrying a cell phone wrapped in a green towel and wearing a hat, all after having driven to the bank in his sister's car (F.Tr. 28-29).

On June 30, 2011, Judge Johnson issued an opinion ruling that since Appellant had initially minimized his role in the offense during his plea hearing, the Court would apply a 2-point enhancement for obstruction of justice and deny a 3-point reduction for acceptance of responsibility, notwithstanding Appellant's complete and truthful allocution during the Fatico hearing (F.Tr. 28-29), and notwithstanding the Probation Department's recommendations to the contrary (see PSR, 2nd Addendum, dated, March 28, 2011). See Order, dated, June 30, 2011 at 2.

As a result of the District Court's findings, Appellant's Sentencing Guideline range increased from 46-57 months imprisonment to 78-97 months.

### 4. Appellant's Sentencing Hearing

Appellant's sentencing hearing took place over two days, his term of imprisonment being imposed on July 1, 2011, and his restitution amount being determined on July 8, 2011 (see Transcript of Sentencing Hearing,

dated, July 1, 2011, hereinafter preceded by "S.Part-1.Tr."; Transcript of Sentencing Hearing, dated, July 8, 2011, hereinafter preceded by "S.Part-2.Tr.").  Both parts of Appellant's sentencing hearing were held before the Honorable Sterling Johnson, Jr.

At the July 1, 2011 proceeding, Judge Johnson sentenced Mr. Sweeney to 97 months imprisonment on each count of the two-count Indictment, to run concurrently with each other (S.Part-1.Tr. at 8).  Judge Johnson stated that he considered the sentencing factors enumerated in 18 U.S.C. § 3553(a), but believed that as a result of Appellant's initial minimization, a sentence at the top of his adjusted Guideline range was appropriate (S.Part-1.Tr. at 7-8).

At the July 8, 2011 proceeding, Judge Johnson ordered Appellant to pay $11,100.00 in restitution, which was the mandatory amount (S.Part-2.Tr at 2).  The rest of the judgment remained unchanged (id.).

A notice of appeal was timely filed.

**Argument**

**Point I**

**THE DISTRICT COURT ABUSED ITS DISCRETION
WHEN IT APPLIED A SENTENCING ENHANCEMENT
FOR OBSTRUCTION OF JUSTICE UNDER U.S.S.G. § 3C1.1**

**A.    Introduction**

"[T]o base a § 3C1.1 enhancement [for "Obstructing or Impeding the

Administration of Justice"] upon the giving of perjured testimony," as was

the case here, "a sentencing court must find that the defendant 1) willfully 2)

and materially 3) committed perjury, which is (a) the intentional (b) giving

of false testimony (c) as to a material matter."  United States v. Salim, 549

F.3d 67, 73 (2d Cir. 2008) (brackets in original), quoting, United States v.

Zagari, 111 F.3d 307, 329 (2d Cir. 1997).  Here, Appellant's minimization

of his role in the offense did not relate to a material matter, and, to the extent

it did, the Government knowingly waived its right to seek an enhancement

under such grounds.  As such, Appellant respectfully submits that the

District Court erred when it enhanced Appellant's sentence based upon

obstruction of justice.

**B.    Appellant's Misstatement did not
       Relate to a Material Matter**

Appellant's "perjury" or "misstatement" was his claim during his plea

hearing that he was merely a getaway driver to the bank robbery and that he

never entered the bank. Prior to sentencing, however, Appellant confessed to the court that his initial claims were false. Regardless whether Appellant's initial misstatement constitutes perjury, we respectfully submit that the misstatement is materially insufficient to warrant an enhancement for obstruction of justice.

According to Application Note 6 to U.S.S.G. § 3C1.1, "material" evidence for purposes of the enhancement is defined as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." Here, the "issue under determination" was whether Appellant's allocution was sufficient to enter a judgment against him for violating the two charged counts of Appellant's indictment, namely, robbery conspiracy in violation of 18 U.S.C. § 371 and one substantive count of bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2.

Nothing Appellant stated during his plea allocution, even if believed, would tend to influence or affect the court's determination of the sufficiency of his guilty plea. With respect to robbery conspiracy (Count 1), it has long been the law that a defendant is held criminal liable for the reasonably foreseeable actions of his co-conspirators. See Pinkerton v. United States, 328 U.S. 640 (1946); United States v. Capanelli, 479 F.3d 163, 167 (2d Cir. 2007). As such, it is irrelevant which members of the conspiracy entered the

bank so long as Appellant admit to participating in the conspiracy to do so, which, of course, there is no dispute that he did.

Similarly, with respect to substantive charge of bank robbery (Count 2), Appellant was charged both as a principal and as an aider and abettor under 18 U.S.C. § 2, as such Appellant was once again criminally liable for the bank robbery regardless whether he admitted to entering the bank or being a mere getaway driver. See Nye & Nissen v. United States, 336 U.S. 613 (1949) (holding that one who, aids, abets, counsels, commands, induces, or procures the commission of an act is as responsible for that act as if he committed it directly); see also United States v. Campbell, 426 F.2d 547 (2d Cir. 1970) (holding that 18 U.S.C. § 2 does not define a crime but rather makes punishable as a principal one who aids or abets the commission of a substantive crime).

Therefore, the question of whether Appellant entered Washington Mutual Bank during the course of the bank robbery was not material to the question of whether his allocution was sufficient to support a finding of guilt for his participation in the conspiracy to rob Washington Mutual Bank or the substantive bank robbery underlying the conspiracy, respectively, Counts 1 and 2 of the Indictment. Thus, Appellant's misstatement was not material to the issue under determination (i.e., the sufficiency of his plea allocution),

and as a result Appellant should not have been found to have obstructed justice during the entry of his plea.

Moreover, during Appellant's plea hearing the Government was at all times cognizant of Appellant's true role in the offense and affirmatively informed the Magistrate Judge of what the Government was prepared to prove at trial. In fact, after the Government informed the court that it believed Appellant had minimized his role in the offense and that it believed it could prove his true role were the case to proceed to trial, the Magistrate Judge specifically asked the Government whether it would like the court to inquire further and the Government declined (P.Tr. 25), at no time raising any objection to the acceptance of Appellant's plea. As such, we respectfully submit that it cannot be said that Appellant's misstatements misled the court or actually obstructed justice in any way, particularly not in relation to a material matter.

### C. Irrespective of Materiality the Government Waived its Right to Seek an Enhancement for Obstruction of Justice

Irrespective of the materiality of Appellant's minimization during his plea allocution, we respectfully submit that by failing to object to the acceptance of Appellant's plea, the Government waived the right to seek an enhancement for obstruction of justice since it was fully cognizant of

Appellant's minimization yet declined the court's invitation to question Appellant further regarding his role in the offense nor at any time objected to the acceptance of Appellant's plea.

The law of preservation and waiver is well known. Rule 51(b) of the Federal Rules of Criminal Procedure provides, in relevant part, "A party may preserve a claim of error by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection."

Here, not merely did the Government fail to object to the acceptance of Appellant's plea, but when given the opportunity to do so, or to, at a minimum, request that the court further question Appellant to correct what the Government knew to be an inaccurate allocution, the Government specifically declined. As such, we respectfully submit that the record clearly reflects that the Government consciously made the decision to accept Appellant's plea allocution "as is". We further submit that a fair administration of justice dictates that the Government's conscious refusal to object to the sufficiency of Appellant's allocution waived its right to thereafter seek an enhancement for obstruction of justice.

**D.     The District Court Commit a Procedural Error
        When it Enhanced Appellant's Sentence for
        Obstruction of Justice**

Assuming that this Court agrees either that Appellant's misstatements mere not material or that the Government waived its right to seek a § 3C1.1 enhancement, then we respectfully submit a procedural error occurred in Appellant's sentencing when the District Court thereafter enhanced Appellant's sentence based upon obstruction of justice.

As this Court has previously explained, "In the wake of Booker, this Court is to apply a 'reasonableness standard' in reviewing sentences." United States v. Cutler, 520 F.3d 136, 156 (2d Cir. 2008), citing, United States v. Booker, 543 U.S. 220, 262 (2005) (internal quotation marks omitted). "[R]easonableness review merely asks whether the trial court abused its discretion," Cutler, 520 F.3d at 156, quoting, Rita v. United States, 127 S.Ct. 2456, 2465 (2007) (internal quotation marks omitted). Indeed, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 128 S.Ct. 586, 597 (2007).

This Court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Id. (emphasis added).

Here, Appellant respectfully submits that the District Court procedurally erred by imposing a two-point enhancement for obstruction of justice in light of the fact that: (1) the misstatement was not material to the issue under determination; and/or (2) the Government had waived its right to seek such an enhancement. Under either scenario, the District Court reliance on the § 3C1.1 enhancement resulted in an improper calculation of the recommended Guideline range. As a result, the District Court's consideration of Appellant's sentence was procedurally flawed and remand for resentencing is required to correct the District Court's error. See United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (where there is procedural error remand for resentencing is appropriate and substantive review of the original sentence is not required).

**Point II**

**THE DISTRICT COURT ALSO ABUSED
ITS DISCRETION WHEN IT REFUSED TO APPLY
A SENTENCING ADJUSTMENT UNDER U.S.S.G. § 3E1.1
FOR ACCEPTANCE OF RESPONSIBILITY**

Beyond the erroneous obstruction of justice enhancement discussed in Point I, the District Court also erred when it refused to grant a three-level reduction in Appellant's recommended Sentencing Guideline range based upon acceptance of responsibility under U.S.S.G. § 3E1.1. As discussed, this Court applies a " 'reasonableness standard' in reviewing sentences." United States v. Cutler, supra, 520 F.3d 136, 156 (2d Cir. 2008). In doing so, this Court must ensure that the District Court "committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." Gall v. United States, supra, 128 S.Ct. 586, 597 (2007).

This Court has held that it is appropriate to decline to impose a reduction for acceptance of responsibility if, for example, the sentencing court determines that the defendant's claim that he or she accepted responsibility for the offense of conviction was "not credible," or determines that the defendant has engaged in continued criminal conduct that "bespeaks a lack of sincere remorse." United States v. Defeo, 36 F.3d 272, 277 (2d Cir. 1994) (internal quotation marks omitted), citing, United States v. Reyes,

9 F.3d 275, 280 (2d Cir.1993); <u>United States v. Cooper</u>, 912 F.2d 344, 346 (9th Cir. 1990).

Here, while Appellant's initial plea may have minimized his role in the offense, during the <u>Fatico</u> hearing Appellant admitted to his complete and accurate level of responsibility. By voluntarily admitting to his prior minimization and by affirmatively correcting the record, we respectfully submit that Appellant cannot be said to have refused to accept responsibility for his role in the offense. We further submit that the District Court erred when it refused to impose a sentencing reduction in light of Appellant's now fully truthful and accurate allocution.

Indeed, we respectfully submit that to permit the District Court's ruling here to stand would create precedent that could discourage defendants in the future from correcting their own errors. For example, if a defendant makes a mistake during his plea allocution (either intentionally or otherwise), what incentive would there be for him to come forward prior to sentencing to correct the record in order to accurately accept responsibility for their full course of unlawful conduct?

Surely, the search for the truth is the ultimate goal of criminal proceedings, and sentences – regardless the length – based upon false testimony cannot be the goal. However, by permitting Appellant's sentence

to stand, the message many defendants will learn is that it is better to be consistent in their allocution then it is to be fully truthful and accurate.

Here, although Appellant minimized his role in the offense during his plea hearing, he later corrected the misstatements prior to sentencing and ultimately provided the Court with a complete, truthful, and accurate allocution.  Appellant's attempt to correct the record and right his own misstatement should mean something.  As such, we respectfully submit that the District Court erred when it refused to impose a § 3E1.1 sentencing adjustment relying upon Appellant's initial plea allocution without taking into account the fact that in the end Appellant did in fact accept complete responsibility.

The District Court's refusal to consider the entirety of the proceedings and its fixation solely upon Appellant's initial misstatements, we submit, was a procedural error that resulted in an improperly calculated recommended Guideline range.  Therefore, Appellant respectfully submits that a remand for resentencing is again required to correct the District Court's error.

## **Conclusion**

This appeal asks two simple questions: (1) Is an obstruction of justice enhancement intended to punish a defendant who confesses to his own mistakes or one who steadfastly continues them? (2) Is an acceptance of responsibility reduction intended to reward a consistent allocution or an accurate one? If the latter is true for either or both questions, then we respectfully submit that the District Court's Guideline calculation should not be permitted to stand.

Wherefore, for the above-stated reasons the sentence imposed against Defendant-Appellant Jacob Sweeney should be vacated and the case remanded for re-sentencing.

Dated:     New York, New York
           October 20, 2011

                                  Respectfully submitted,


                                  /S/
                                  _____
                                  RICHARD H. ROSENBERG, ESQ.
                                  (Fed. #: RR-0846)
                                  217 Broadway, Suite 707
                                  New York, New York 10007
                                  (212) 586-3838

—*On the brief*—                  *Attorney for Defendant-Appellant*
Michael K. Bachrach, Esq.         *Jacob Sweeney*


19

## <u>Certificate Of Compliance With FRAP 32</u>

It is hereby certified that the annexed Brief of Defendant-Appellant is in compliance with Federal Rule of Appellate Procedure 32 and with the local rules of the Second Circuit. The brief was printed in 14-point proportional font and, including footnotes and headings, contains 3,725 words.

Dated:  New York, New York
       October 20, 2011

/S/
_____
Richard H. Rosenberg